**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (227341)
213.377.5502 | jyu@yumollp.com
1055 W. 7th Street, Suite 2150
Los Angeles, CA 90017
213.377.5501 Facsimile

Attorneys for Defendant
LVNV Funding, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| PAUL STEMPLE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>LVNV FUNDING, LLC,<br><br>　　　　Defendant. | Case No.: 5:14-cv-00772-ODW-MRW<br><br>**DEFENDANT LVNV FUNDING, LLC'S ANSWER TO COMPLAINT**<br><br>Compl. Filed:　February 24, 2014 |

Defendant LVNV Funding, LLC ("Defendant") hereby answers Plaintiff Paul Stemple's Complaint ("Complaint") as follows:

## I. INTRODUCTION

1. Answering Paragraph 1 of the Complaint, Defendant admits only that Plaintiff alleges violations of the Rosenthal Fair Credit Reporting Act and the Fair Credit Reporting Act. Defendant denies violating these statutes.

## II. PARTIES

2. Answering Paragraph 2 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them. Further, the allegations consist of legal conclusions to which no response is required.

3. Answering Paragraph 3 of the Complaint, the allegations consist of legal conclusions to which no response is required. To the extent a response is required, Defendant denies that it is a debt collector and admits that it furnishes information to the credit reporting agencies.

## III. FACTUAL ALLEGATIONS

4. Answering Paragraph 4 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

5. Answering Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

6. Answering Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

7. Answering Paragraph 7 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies them.

8. Answering Paragraph 8 of the Complaint, the allegations consist of legal conclusions to which no response is required.

9. Answering Paragraph 9 of the Complaint, Defendant denies the allegations, including the subparts.

10. Answering Paragraph 10 of the Complaint, Defendant denies the allegations.

11. Answering Paragraph 11 of the Complaint, Defendant admits that, under certain circumstances, persons may obtain information from credit reporting agencies. Defendant denies any implication of wrongdoing concerning any information it reported to the credit reporting agencies regarding Plaintiff.

12. Answering Paragraph 12 of the Complaint, Defendant denies inaccurately reporting information regarding Plaintiff to the credit reporting agencies. With respect to the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

13. Answering Paragraph 13 of the Complaint, Defendant denies inaccurately reporting information regarding Plaintiff to the credit reporting agencies. With respect to the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

14. Answering Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

15. Answering Paragraph 15 of the Complaint, Defendant denies the allegations, including the subparts.

16. Answering Paragraph 16 of the Complaint, Defendant denies the allegations.

17. Answering Paragraph 17 of the Complaint, Defendant denies the allegations.

18. Answering Paragraph 18 of the Complaint, Defendant denies the allegations.

19. Answering Paragraph 19 of the Complaint, Defendant denies the allegations.

20. Answering Paragraph 20 of the Complaint, Defendant denies the allegations.

21. Answering Paragraph 21 of the Complaint, Defendant denies the allegations.

## COUNT I: VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

22. Answering Paragraph 22 of the Complaint, Defendant incorporates by reference its responses previous paragraphs as though fully set forth herein.

23. Answering Paragraph 23 of the Complaint, Defendant denies the allegations.

## COUNT II: VIOLATION OF
## FAIR CREDIT REPORTING ACT

24. Answering Paragraph 24 of the Complaint, Defendant incorporates by reference its responses to the previous paragraphs as though fully set forth herein.

25. Answering Paragraph 25 of the Complaint, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

26. Plaintiff fails to state a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

28. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

## FOURTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

30. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

## SIXTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

## SEVENTH AFFIRMATIVE DEFENSE

32. Defendant's conduct was privileged or justified.

## EIGHTH AFFIRMATIVE DEFENSE

33. Plaintiff has waived any and all claims, rights and demands made in the Complaint.

## NINETH AFFIRMATIVE DEFENSE

34. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

## TENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

## ELEVENTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

## TWELFTH AFFIRMATIVE DEFENSE

37. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

38. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## FOURTEENTH AFFIRMATIVE DEFENSE

39. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

40. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

41. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to their own actionable segment of fault, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claims are preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

43. Plaintiff's claims may be barred because Defendant, within 15 days of either after discovering a violation which is able to be cured, or after the receipt of a written notice of such violation, made adjustments or corrections necessary to cure the violation with respect to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

44. Defendant is entitled to a set-off against any award to Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

45. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

DATED: April 25, 2014         YU | MOHANDESI LLP

                              By  */s/ Ben Mohandesi*
                                 B. Ben Mohandesi
                                 Jordan S. Yu
                                 Attorneys for Defendant
                                 LVNV Funding, LLC

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury in this action.

DATED: April 25, 2014.

                                  YU | MOHANDESI LLP

                                  By  */s/ Ben Mohandesi*
                                       B. Ben Mohandesi
                                       Jordan S. Yu
                                       Attorneys for Defendant
                                       LVNV Funding, LLC

YU | MOHANDESI LLP
1055 W. 7th St., Suite 2150
Los Angeles, CA 90017

**CERTIFICATE OF SERVICE**

I certify that on April 25, 2014, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

DATED: April 25, 2014.

                YU | MOHANDESI LLP

                By  */s/ Ben Mohandesi*
                    B. Ben Mohandesi
                    Jordan S. Yu
                    Attorneys for Defendant
                    LVNV Funding, LLC

YU | MOHANDESI LLP
1055 W. 7th St., Suite 2150
Los Angeles, CA 90017